UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:25-cv-16-LLK

DEBORAH L.[1]                                                                    PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                  DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff filed a Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying her claims for Disability Income (DIB) and Supplemental Security Income (SSI) Benefits under Titles II and XVI of the Social Security Act. [DN 1]. Plaintiff's Opening Brief and Fact and Law Summary are at DNs 15 and 16, the Commissioner's responsive Fact and Law Summary is at DN 18, and Plaintiff's Reply is at DN 21.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 13]. The matter is now ripe for determination.

After examining the administrative record, The ALJ's Decision, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the Administrative Law Judge's (ALJ's) Decision is supported by substantial evidence and comports with applicable law.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter is shortened to first name and last initial.
[2] References to specific pages in the Court's Docket in this Memorandum Opinion will include the Docket Number and page number found in the red inked header at the top of the document.

## I. PROCEDURAL HISTORY

**Administrative History**. Plaintiff filed applications for DIB and SSI on March 13, 2023, and March 16, 2023, respectively, alleging disability from October 27, 2021, at age 56 from blind or low vision, cataracts in both eyes, musculoskeletal disorder in both shoulders, hyperthyroidism, major depressive disorder, hyperlipidemia, and anxiety. [DN 12] at 59. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ which was granted. The telephonic hearing was conducted on July 11, 2024, with attorney Jamilah Kately attending on Plaintiff's behalf. [DN 12] at 40. The hearing was conducted by ALJ Marci Eaton of the Office of Hearings Operations in Paducah, KY. *Id*. Also attending and testifying during the hearing was impartial vocational expert Pamela Scalf. On September 5, 2024, the ALJ issued an unfavorable Decision finding that Plaintiff was not disabled. Decision, [DN 12] at 26-34.

Plaintiff timely requested review of the ALJ's Decision by the Appeals Council. On December 6, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's Decision. [DN 12] at 10. At that point, the ALJ's Decision became the final decision of the Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a). Thus, this Court will be reviewing the ALJ's Decision and the evidence that was contained within the administrative record at the time the ALJ rendered the Decision. 42 U.S.C. § 405(g).

**The ALJ's Decision**. The ALJ's Decision denying Plaintiff's claims for DIB and SSI benefits was based upon the five-step sequential evaluation process which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026, and that she has not engaged in substantial gainful

activity since October 27, 2021, the alleged onset date (20 CFR 404.1571 *et seq*, and 416.971 *et seq*.).

At Step Two, the ALJ found that Plaintiff has the following severe impairments: anxiety, depression, status post open reduction internal fixation (ORIF) in the left wrist, and history of back and neck pain and surgery (ACDF) (20 CFR 404.1520(c) and 416.920(c).

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As in any case that proceeds beyond Step Three, the ALJ must determine a claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). In making an RFC determination, the ALJ considers the record in its entirety including medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). The ALJ found that, notwithstanding her impairments, Plaintiff retains the RFC to perform medium work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can understand and remember simple, detailed, and complex instructions and procedures. She can sustain attention, concentration, persistence, and pace for two periods of time throughout an eight-hour workday. She can have frequent interaction with coworkers, supervisors, and the public. She can adapt to situational changes.

Decision [DN 12] at 31.

At Step Four, the ALJ found that Plaintiff is capable of performing past relevant work as a salesclerk. This work does not require the performance of work-related activities precluded by the

claimant's residual functional capacity work (20 CFR 404.1565 and 416.965). Accordingly, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, from October 27, 2021, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## II.  STANDARD OF REVIEW

The Court's task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F.App'x 516, 522 (6th Cir. 2008). The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  In reviewing the record as a whole, the Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 296 (6th Cir. 1994).

The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.* The Court may look to any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir 2001).

4

Because Plaintiff filed her DIB claim on April 4, 2022, the new rules for weighing medical opinions apply. See 20 C.F.R. § 404.1520c. Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). Instead, in determining the persuasiveness of a medical opinion, an ALJ is to consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). However, the ALJ need only explain how she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2). Without the treating physician rule, the applicable regulations allow the ALJ to evaluate the persuasiveness of submitted medical opinions, with particular focus on their supportability and consistency." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645 at *6 (6th Cir. June 12, 2024).

## III. DISCUSSION

**Plaintiff's Arguments**. In her Brief and Fact and Law Summary, Plaintiff presents one argument, that the RFC found by ALJ Eaton does not account for the moderate limitations in adaptation set forth in the Psychiatric Review Technique Finding. [DN 15] at 10. She argues that pursuant to SSR 96-8p and regulation 20 CFR, Part 404, Subpt. P, App. 1, § 12.00(A), the mental findings made in the paragraph B criteria at Step 3 are not a residual functional capacity assessment, and that an ALJ's assessment of RFC requires an expanded list of work-related capacities that may be affected by mental disorders. [DN 15] at 10. She also cites SSR 85-16 as further support requiring an ALJ to formulate a mental RFC that is a detailed assessment of the individual's capacity to perform and sustain mental activities which are critical to work performance, noting that "all limits on work-related activities resulting from the mental

5

impairment must be described in the mental RFC assessment." Id. (citing SSR 85-16. In her case, the ALJ found that she had moderate limitations in her ability to adapt and manager herself, but the RFC does not contain any limitations accounting for such moderate limitations. The RFC indicates that Plaintiff can handle "situational changes." She posits that this limitation is insufficient to account for Plaintiff's moderate limitations in adaptation and managing herself.

In response, the Commissioner contends that an ALJ is not bound to adopt each state agency limitation verbatim. She is not. Even where an ALJ gives great weight to an opinion, "there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim, nor is the ALJ require to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). The Commissioner also argues that even if the Plaintiff is correct, that the ALJ should have included verbatim the limitation to adapt to situational changes that are gradual and occasional in the residual functional capacity findings, she still cannot show that the absence of the limitation would change the disability outcome/determination.

**Vocational testimony**. Impartial vocational expert Pamela Scalf testified at Plaintiff's hearing and offered responses to several hypotheticals posed by the ALJ. The first hypothetical reflected the RFC as stated in the ALJ's Decision, and the VE indicated that such a person would be able to perform her past relevant work at Dollar General as a sales clerk. The second hypothetical posed by the ALJ but incorporated occasional interaction with coworkers and supervisors, and no interaction with the public. She could adapt to work demands and situational changes that are gradual and occasional. [DN 12] at 54. The vocational expert testified that such a person would not be able to return to the prior work at Dollar General, but there would be other work in the national economy that she could perform, including floor waxer with 109,000 jobs in

the national economy, industrial cleaner with 16,000 jobs in the national economy, and machine packer with 85,000 jobs in the national economy. *Id*.

Ultimately, the ALJ's omission of the moderate limitation of adapting to situational changes that "are gradual and occasional" from the RFC in this instance is harmless error. The Sixth Circuit has indicated that an ALJ may rely upon a vocational expert's testimony that a claimant can perform a number of jobs in the national economy despite their limitations "so long as the hypothetical is accurate." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 680 (6th Cir. 2013). As noted by the Commissioner, the Sixth Circuit has affirmed an ALJ's Decision denying benefits based upon vocational expert testimony in response to a hypothetical that differed from the ALJ's residual functional capacity finding, where the hypothetical was more favorable to the Plaintiff than the RFC. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005).

The Court finds no error in this instance where ALJ Eaton elicited vocational expert testimony that was more favorable to the claimant than the RFC was. The jobs identified in response to the more favorable (or restrictive) second hypothetical totaled over 200.000 jobs available. The VE's testimony is substantial evidence that there are jobs in significant numbers within the national economy that Plaintiff can still perform when the gradual and occasional situational change adaptation is accounted for. Ultimately, the ALJ's Decision finding Plaintiff not disabled is supported by substantial evidence, and a remand would be futile. "No principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

<u>ORDER</u>

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's Decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's Complaint is DISMISSED.

March 31, 2026

**Lanny King, Magistrate Judge**
**United States District Court**